UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
ANA MARIA FLORES (a.k.a. "ANA
MARIA PANTOJA"), on behalf of herself
and others similarly situated,

                    **Plaintiff,**

              -against-

MASTERPIECE CATERERS CORP.,
d/b/a CAFÉ 55, INDIA HOUSE INC. d/b/a
INDIA HOUSE and GJIETO NICAJ
and KEVIN A. MATTNER, individually,

                      **Defendants.**

------------------------------------------------------------------------X

CLASS ACTION
COMPLAINT

FLSA COLLECTIVE
ACTION

      Plaintiff Ana María Flores (a.k.a. "Ana Maria Pantoja") ("Flores") ("Plaintiff"), on behalf of herself and others similarly situated, by and through her attorney, Jacob Aronauer of The Law Offices of Jacob Aronauer, complaining of Masterpiece Caterers Corp. d/b/a Café 55 ("Café 55") and India House Inc. d/b/a India House and Gjieto Nicaj and Kevin A. Mattner, individually, (collectively herein "Defendants"), allege the following:

## NATURE OF THE ACTION

1. This is a class action brought on behalf of Plaintiff and all similarly situated kitchen employees and caterers for spread of hours and overtime compensation under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL").

2. Plaintiff and the collective and Rule 23 class worked (or currently work) at Café 55 and India House. Café 55 and India House is owned and operated by Defendants.

3. Plaintiff brings this action on behalf of herself and all similarly situated current and former non-exempt workers (the "FLSA Collective Class") who elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq.,* and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy violations of the wage-and-hour provisions of the FLSA and the NYLL that occurred at Café 55 and India House that is owned and controlled by Defendants.

4. Plaintiff also brings this action under the NYLL and Wage Theft Prevention Act to obtain unpaid overtime for Defendants' failure to provide written notice of wage rates in violation of said laws. Plaintiff seeks to certify a class under Rule 23 on behalf of those kitchen employees who were not paid overtime and/or provided written notices as required under the NYLL (Rule 23 Class).

5. Plaintiff and the FLSA collective class and the Rule 23 Class seek injunctive and declaratory relief against Defendants for their unlawful actions, compensation for their failure to pay overtime wages and spread of hours, and liquidated damages, compensatory damages, pre-judgment and post-judgment interest, and attorneys' fees and costs, pursuant to the FLSA and the NYLL.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this action under 28 U.S.C. § 1331, 29 U.S.C. §§ 216(b)(c) and 217; and 28 U.S.C. § 1337.

7. This Court has supplemental jurisdiction over the New York state law claims under the principles of pendent and ancillary jurisdiction.

8. Venue is proper in this district under 28 U.S.C. § 1391(b)(c), because all or a substantial part of the events or omissions giving rise to the claims occurred in this district.

## PARTIES

**Plaintiff and the Putative Class**

9. Plaintiff and the other members of the putative class are former and current employees of Café 55 and India House who work or have worked as kitchen laborers and/or catering employees.

10. In February 2019, Flores began working for Defendants.

11. Flores worked for Defendants from February 2019 until her unlawful discharge in May 2019.

12. Plaintiff worked on behalf of Defendants as a food preparer in the kitchen.

13. Plaintiff was a covered employee within the meaning of the FLSA and the NYLL.

**Defendant Café 55**

14. Defendant Café 55 is a domestic limited liability company in the restaurant industry.

15. Defendant Café 55 is located at 55 Water Street, Lobby 1, New York, New York 10041.

16. At all times relevant to this action, Defendant Café 55 was an "enterprise engaged in interstate commerce" within the meaning of the FLSA. Defendant Café 55 has (1) employees engaged in commerce or in the production of goods for commerce

and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (2) an annual gross volume of sales in excess of $500,000.00.

**India House.**

17. India House is listed as a domestic not-for-profit corporation.

18. India House is located at One Hanover Square, New York, NY 10004.

19. At all times relevant to this action, Defendant India House was an "enterprise engaged in interstate commerce" within the meaning of the FLSA. Defendant India House has (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (2) an annual gross volume of sales in excess of $500,000.00.

**Defendant Gjieto Nicaj**

20. On information and belief, Defendant Gjieto Nicaj owns and/or maintains control, oversight and direction of Café 55 and India House's catering services.

21. Defendant Gjieto Nicaj is a person engaged in business in New York County, who is sued individually in his capacity as an owner, officer and/or agent of Café 55 and India House's catering services.

22. On information and belief, Defendant Gjieto Nicaj is the registered agent of Café 55.

23. Defendant Gjieto Nicaj exercises sufficient control over Café 55 and India House's catering services to be considered Plaintiff's employer under the NYLL, and at all times material hereto Defendant Gjieto Nicaj had the authority to hire and fire

employees and established and maintained policies regarding the pay practices at Café 55 and India House's catering services.

24. Defendant Gjieto Nicaj had substantial control over Plaintiff and similarly situated employees' working conditions and practices alleged herein.

**Defendant Kevin A. Mattner**

25. On information and belief, Defendant Kevin A. Mattner owns and/or maintains control, oversight and direction of Café 55 and India House's catering services.

26. Defendant Kevin A. Mattner is a person engaged in business in New York County, who is sued individually in his capacity as an owner, officer and/or agent of Café 55 and India House's catering services.

27. On information and belief, Defendant Kevin A. Mattner is the vice president and manager of Café 55.

28. Defendant Kevin A. Mattner exercises sufficient control over Café 55 and India House's catering services to be considered Plaintiff's employer under the NYLL, and at all times material hereto Defendant Kevin A. Mattner had the authority to hire and fire employees and established and maintained policies regarding the pay practices at Café 55 and India House's catering services.

29. Defendant Kevin A. Mattner had substantial control over Plaintiff and similarly situated employees' working conditions and practices alleged herein.

## FACTS

**Café 55 & India House**

30. Café 55's business is three fold.

31. First, it is a restaurant located in Lower Manhattan.

5

32. Second, Cafe 55 is also the in-house caterer for 55 Water, New York City's largest office structure.

33. Third, in addition to 55 Water, Cafe 55 provides catering services for corporate and private events at various locations.

34. Indeed, in addition to their home base at 55 Water St., Cafe 55 has at least four locations they provide catering services.

35. These four locations are, per Cafe 55's website, 1 Hanover Square, Blue Bar, Morningside Castle, Vivo! and Piers 92/94.

36. In addition, on information and belief, 55 Water has a partnership with India House.

37. 55 Water and India House jointly employ employees. For example, some employees will work on catering projects throughout the work week on behalf of 55 Water Street and then perform catering service at India House.

38. On India House's website, India House proclaims that they "provide exquisite catering services for corporate & private events such as weddings, business dinners, fundraisers or conferences through Masterpiece Caters."

39. India House further states that "Visit Masterpiece Caters website for more information at www.masterpieceaterers.com."

40. Upon information and belief, Gjieto Nicaj owns Cafe 55.

41. Upon information and belief, Kevin Mattner is the vice president and manager of Café 55.

42. Upon information and belief, Gjieto Nicaj and Kevin Mattner determine the hours and wages of the staff of Café 55.

6

**Plaintiff Flores' Employment at Café 55**

43. Plaintiff Flores worked at Café 55 from February 2019 through May 2019.

44. Flores was employed as a food preparer at Café 55.

45. Flores prepares fruit and cheese platters for restaurant customers and catering events.

46. Throughout Flores' employment she worked over 40 hours per week.

47. Even though Flores was not exempt, Flores was not paid correctly for her overtime hours worked in compliance with the FLSA and NYLL.

48. Defendants also failed to provide Flores with an Annual Wage Notice in her primary language in accordance with the NYLL.

49. Under the NYLL, employers are obligated to pay an extra hours' pay when employees work more than ten (10) hours a day at or below the minimum wage.

50. Flores often worked more than ten (10) hours a day at Café 55.

51. Flores was never paid spread of hours when she worked more than 10 hours per day.

**Flores' Work Schedule and Salary at Café 55**

52. Flores is paid an hourly rate of $15 dollars per hour.

53. Flores was scheduled to work Monday through Friday from 6:00 am until 2:30 pm.

54. However, Flores finished her shift at 3:00 pm or later.

55. In addition, on an average of 4 days per month Plaintiff worked from 6:00 am until 7:00 pm or 8:00 pm, due to catering events.

56. Throughout her employment with Defendant, Flores received pay stubs.

57. However, these paystubs were not always accurate, as they did not always correctly list the amount of hours Flores worked.

58. For example, Flores' paystub for the pay period between April 08, 2019 and April 14, 2019 listed Flores worked 42 total hours, 2 of which were paid at time and one half her regular hourly rate.

59. However, Flores' clock out sheet for that week states that the amount of hours she worked that week was 52.50 hours.

60. Flores was paid for her 10.5 additional hours worked that were not listed on her paystub with a separate check, at straight time.

**Defendants' Practices Regarding the**
**Wages and Hours of Other Employees**

61. Other kitchen employees are paid in a manner similar to Flores.

62. On April 19, 2019, Flores complained to the chef, Francisco Ortiz, that she was not paid the correct overtime rate for all the hours she worked.

63. Ortiz told Flores that all kitchen employees were paid at time and one half only for the first 5 overtime hours they worked each week.

64. Any additional overtime hours worked by kitchen workers were paid at straight time, by a separate check.

65. Defendants' stated overtime compensation policies are in violation of the NYLL and FLSA.

**Defendants' Violations of the Wage Theft Prevention Act**

66. The NYLL and Wage Theft Prevention Act require employers to provide all employees with a written notice of wage rates.

67. Throughout Plaintiff's employment, Defendants paid Plaintiff's wages without the proper accompanying statement listing the overtime rate or rates of pay, the number of regular hours worked, and the number of overtime hours worked, gross wages, deductions, allowances, if any, claimed as part of the minimum wage, and net wages.

68. Plaintiff was never given a notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and anything otherwise required by law.

## **FLSA COLLECTIVE ACTION ALLEGATIONS**

69. The claims in this Complaint arising out of the FLSA are brought by Plaintiff on behalf of herself and other similarly situated kitchen laborers and caterers who are current and former employees of Café 55 since the date three years prior to the filing of this Complaint who elect to opt-in to this action (the "FLSA Collective").

70. The FLSA Collective Plaintiffs consist of more than 100 similarly situated current and former employees of Defendants, who have been victims of Defendants' policies and practices that have violated their rights under the FLSA, by *inter alia,* willfully denying them minimum wages and overtime wages.

71. Defendants are liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiff and the FLSA Collective Plaintiffs.

72. As part of their regular business practice, Defendants have intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff and the FLSA Collective Plaintiffs. This policy and pattern or practice includes, but is not limited to:

    (a) failing to pay employees, including Plaintiff and the FLSA Collective Plaintiffs, the appropriate premium overtime wages for hours worked in excess of 40 hours per workweek; and

73. Defendants' unlawful conduct, as described in this Complaint, is pursuant to a company policy or practice of minimizing labor costs by failing to adequately compensate Plaintiff and the FLSA Collective Plaintiffs for their overtime hours worked.

74. Defendants are aware or should have been aware that federal law required them to pay Plaintiff and the FLSA Collective Plaintiffs overtime premiums for hours worked in excess of 40 per workweek.

75. Plaintiff and the FLSA Collective Plaintiffs perform or performed the same primary duties and were subject to the same policies and practices by Defendants.

76. Defendants' unlawful conduct is widespread, repeated and consistent.

77. There are many similarly situated current and former non-exempt workers who have been denied overtime wages in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it. This notice should be sent to the FLSA Collective Plaintiffs pursuant to 29 U.S.C. § 216(b).

78. Those similarly situated employees are known to Defendants, are readily identifiable, and can be located through Defendants' records.

## CLASS ACTION ALLEGATIONS

79. **Proposed Class.** The proposed class comprises all individuals who worked for Defendants as kitchen laborers and caterers during the applicable period.

80. Virtually the entire class are Spanish speaking immigrants with limited English speaking skills.

81. All class members were not paid correctly in accordance with the NYLL.

82. All class members were not provided with wage notices and wage statements as required by the NYLL.

83. These class members worked more than 40 hours per week for Defendants. The class members, though, were not paid overtime in compliance with the NYLL in that they were not paid time and one half for all work performed after 40 hours.

84. Class members were also not paid spread of hours pay in accordance with the NYLL.

85. **Ascertainability.** The identity of all class members is readily ascertainable from Defendants' records, and class notice can be provided to all class members by means permitted by Rule 23 of the Federal Rules of Civil Procedure. To be effective, class notice should be provided not only through written communication to each class member's last known address as reflected in Defendants' records, but also through Spanish language newspaper and radio announcements, workplace postings, and other alternative means of notice designed to reach this class of transient, non-English speaking restaurant workers. Many class members are no

longer employed by Defendants, cannot be reached at the last known address in Defendants' records, and do not have access to traditional English-speaking media.

86. **Numerosity.** The size of the class makes a class action both necessary and efficient. The size of the class consists of more than 100 employees. The class is so numerous that joinder is impracticable.

87. **Common Questions Of Law and Fact.** This case poses common questions of law and fact affecting the rights of all class members, including:

   a) Whether Defendants' policies and practices of regarding payment of overtime compensation were compliant with the FLSA and NYLL;

   b) Whether Defendants' policies and practices regarding payment of spread-of-hours compensation were compliant with the NYLL;

   c) Whether wage notifications provided by Defendants to Plaintiffs were compliant with the New York Wage Theft Prevention Act;

   d) Whether wage statements provided by Defendants to Plaintiffs were compliant with the New York Wage Theft Prevention..

88. **Typicality.** The claims of the individual Plaintiff are typical of the claims of the class as a whole. Defendants' unlawful wage policies and practices, which have operated to deny Plaintiffs the overtime, and spread of hours compensation required by law, are typical of the unlawful wage policies and practices that have and will continue to operate to deny other class members lawful compensation.

89. **Adequacy of Class Representation.** The named Plaintiff can adequately and fairly represent the interests of the class as defined above, because their individual interests are consistent with, and not antagonistic to, the interests of the class.

90. **Propriety of Class Action Mechanism.** Defendants have implemented a series of unlawful schemes that are generally applicable to the class, making it

appropriate to issue final injunctive relief and corresponding declaratory relief with respect to the class as a whole. Class certification is also appropriate because the common questions of law and fact predominate over any questions affecting only individual members of the class. The prosecution of separate actions against Defendants by individual class members would create a risk of inconsistent or varying adjudication, which would establish incompatible standards of conduct for Defendants. For all these and other reasons, a class action is superior to other available methods for the fair and efficient adjudication of the controversy set forth in this Complaint.

91. This action is properly maintainable as a class action under Federal Rules of Civil Procedure ("FRCP") 23(b)(2) and 23(b)(3).

**FIRST CAUSE OF ACTION**
**Fair Labor Standards Act-Overtime Wages**
**(Brought on Behalf of Plaintiff and the FLSA Collective Plaintiffs)**

92. Plaintiff, on behalf of herself and the FLSA Collective Plaintiffs, re-alleges and incorporate by reference all allegations in all preceding paragraphs.

93. The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, apply to Defendants and protect Plaintiff and the FLSA Collective Plaintiffs.

94. Plaintiff and the FLSA Collective Plaintiffs worked in excess of forty hours throughout the relevant period.

95. Defendants willfully failed to pay Plaintiff and the FLSA Collective Plaintiffs the appropriate overtime premiums for all hours worked in excess of 40 hours per

workweek, as required by the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations.

96. Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants are aware or should have been aware that the practices described in this Complaint were unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and the FLSA Collective Plaintiffs.

97. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §§ 201 *et seq*.

98. As a result of Defendants' willful violations of the FLSA, Plaintiff and the FLSA Collective Plaintiffs have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. §§ 201 *et seq*.

**SECOND CAUSE OF ACTION**
**Unpaid Overtime Wages Under New York Labor Law**
**(Brought on Behalf of Plaintiff and the Rule 23 Class)**

99. Plaintiff and the class re-allege and incorporate by reference all allegations in all preceding paragraphs.

100. At all times relevant to this action, Plaintiff and the class were employed by Defendants within the meaning of NYLL § 652 and 12 NYCRR §142-2.2.

101. Defendants failed to pay Plaintiff and the class the overtime premium of one and a half times the regular hourly rate of pay, in violation of the NYLL.

102. Defendants' failure to pay required overtime was willful.

103. As a result of Defendants' NYLL violations, Plaintiff and the class are entitled to recover from Defendants unpaid overtime wages and liquidated (double) damages, as well as reasonable attorneys' fees and the costs of this action, including interest, pursuant to the NYLL.

**THIRD CAUSE OF ACTION**
**New York Labor Law – Failure to Provide Annual Wage Notices**
**(Brought on Behalf of Plaintiffs and the Rule 23 Class)**

104. Plaintiff and the class re-allege and incorporate by reference all allegations in all preceding paragraphs.

105. Defendants willfully failed to supply Plaintiff and the class with wage notices, as required by NYLL, Article 6, § 195(1), in English or in the language identified by Plaintiff and the class in their primary language, containing Plaintiff's and the classes' rate, including but not limited to overtime rates of pay and basis thereof; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191.

106. Through their knowing or intentional failure to provide Plaintiff and the class wage notices required by the NYLL, Defendants willfully violated NYLL, Article 6, §§ 190 *et seq*.

107. Due to Defendants' willful violations of NYLL, Article 6, § 195(1), Plaintiff and the class are entitled to statutory penalties of fifty dollars for each workday that Defendants failed to provide Plaintiff and the class with wage notices, or a total of five thousand dollars, reasonable attorneys' fees, costs and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-b).

## FOURTH CAUSE OF ACTION
### New York Labor Law- Failure to Provide Wage Statements
### (Brought on Behalf of Plaintiff and the Rule 23 Class)

108. Plaintiff and the class re-allege and incorporate by reference all allegations in all preceding paragraphs.

109. Defendants willfully failed to supply Plaintiff and the class with accurate statements of wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

110. Through their knowing or intentional failure to provide Plaintiff and the class with the wage statements required by the NYLL, Defendants willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Relations regulations.

111. Due to Defendants' willful violations of NYLL, Article 6, § 195(3), Plaintiff and the class are entitled to statutory penalties of two hundred and fifty dollars for each work day that Defendants failed to provide Plaintiff and the class with accurate wage statements, or a total of five thousand dollars, reasonable attorneys' fees, costs and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-d).

# FIFTH CAUSE OF ACTION
## New York Labor Law - Spread-of-Hours Pay
### (Brought on Behalf of Plaintiff and the Rule 23 Class)

112. Plaintiff and the class re-allege and incorporate by reference all allegations in all preceding paragraphs.

113. Throughout their employment, Plaintiff and the class frequently worked more than ten hours in a workday.

114. Defendants willfully failed to compensate Plaintiff and the class with an extra hour's pay at the basic New York minimum hourly wage rate on days in which the length of their workday was more than ten hours, as required by New York law.

115. Through their knowing or intentional failure to pay Plaintiff and the class spread-of-hours pay, Defendants have willfully violated the NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

116. Due to Defendants' willful violations of the NYLL, Plaintiff and the class are entitled to recover from Defendants their unpaid spread-of-hour wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and prejudgment and post-judgment interest.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the entry of an order and judgment against Defendants Masterpiece Caterers Corp. d/b/a Café 55 and India House Inc. d/b/a India House and Gjieto Nicaj and Kevin A. Mattner, jointly and severally, as follows:

(a) Designation of this action as a collective action on behalf of the FLSA Collective Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising

them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

(b) Certification of this case as a class action pursuant to Rule 23 of the FRCP;

(c) Designation of the named Plaintiff as representatives of the Rule 23 Class and counsel of record as Class Counsel;

(d) Damages for the unpaid overtime wages in an amount to be determined at the trial of the action, liquidated damages as provided by the FLSA, interest, attorneys' fees, and the cost of the action;

(e) Damages for unpaid overtime wages in an amount to be determined at the trial of the action, liquidated damages as provided by the NYLL, interest, attorneys' fees, and the cost of the action;

(f) Damages for unpaid spread-of-hours in an amount to be determined at the trial of the action, liquidated damages as provided by the NYLL, interest, attorneys' fees, and the cost of the action;

(g) Penalties of fifty dollars for each workday that Defendants failed to provide Plaintiff and the Rule 23 Class with a wage notice, or a total of five thousand dollars, as provided for by NYLL, Article 6, § 198;

(h) Penalties of two hundred and fifty dollars for each workday that Defendants failed to provide Plaintiff and the Rule 23 Class with accurate wage statements, or a total of five thousand dollars as provided for by NYLL, Article 6, § 198;

(i) For pre-judgment and post-judgment interest on the foregoing amounts;

(j) For the costs and disbursements of the action, including attorneys' fees; and

(k) For such other further and different relief as the Court deems just and proper.

Dated: May 6, 2019
     New York, New York

                                        Respectfully submitted,

                                        **LAW OFFICES OF JACOB ARONAUER**

                                        */s/ Jacob Aronauer*
                                        Jacob Aronauer

                                        *Attorney for Plaintiff*