UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
                                               :

ANA MARIA FLORES,                    :

                         Plaintiff,      :

                                                   :

            -against-             :

                                                     :

MASTERPIECE CATERERS CORP. et al.,    :

                            Defendants. :

                                                     :

------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/27/20

19 Civ. 4059 (LGS)

ORDER

LORNA G. SCHOFIELD, District Judge:

       WHEREAS, on May 6, 2019, Plaintiff filed a complaint, alleging violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law (ECF 1);

       WHEREAS, on September 11, 2019, Defendant India House, Inc. was dismissed without prejudice (ECF 40, 41). Thereafter, on November 21, 2019, Plaintiff notified the Court, on behalf of the remaining parties, that the parties had reached a settlement (ECF 49);

       WHEREAS, on January 20, 2020, the parties filed their proposed settlement agreement and joint letter, justifying why the agreement should be approved as "fair and reasonable," under *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015), *cert denied.*, 136 S. Ct. 824 (2016) (ECF 54). It is hereby

       **ORDERED** that the settlement agreement is not approved in its current form. The parties' joint submissions contain the following deficiencies which are in "strong tension with the remedial purposes" of FLSA, *Cheeks*, 796 F.3d at 206, and which must be addressed in order for the Court to determine if the proposed settlement is fair and reasonable:

       1.      The proposed settlement contains general release terms that are unreasonably broad. Paragraph 3(a) requires Plaintiff to discharge Defendants of actions "of every kind[],

nature and character, which she has had, now has, or may have in the future, whether known or unknown, suspected, or unsuspected, that are by reason of, or in any manner whatsoever connected with, or growing out of, her employment, her employment relationship with Defendants, or their affiliates or predecessors-in-interest, or the termination of those employment relationships." Any releases included in a new or amended settlement agreement must be tailored to Plaintiff's *wage-related* claims. *See, e.g.*, *Cheeks*, 796 F.3d at 206 (finding that "overbroad release that would waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage and hour issues" highlighted the need for judicial review of settlement agreements in light of potential abuse) (citation omitted); *Lopez v. Ploy Dee, Inc.*, No. 15 Civ. 647, 2016 WL 3637103, at *1 (S.D.N.Y. June 29, 2016) (declining to approve resubmitted settlement which included release that went beyond "wage-and-hour issues").

2.    Plaintiff's counsel has not provided timesheets, billing records or any other information that could substantiate the agreement's provision of $3,133.30 in fees to Plaintiff's counsel. It is further

**ORDERED** that the parties shall file Plaintiff's counsel's billing records and any amendment or revised settlement agreement that addresses the deficiencies in the proposed settlement agreement, by **February 4, 2020**.


Dated: January 27, 2020
      New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**