The Law Offices of Jacob Aronauer
225 Broadway, 3rd Floor
New York, New York 10007
(212) 323-6980
jaronauer@aronauerlaw.com

February 6, 2020

**Via ECF**
Honorable Lora G. Schofield
United States Courthouse
40 Foley Square
New York, New York 10007

   Re: 19-cv-04059 (LGS)
     *Flores v. Masterpiece Caterers Corp., et al.*

Dear Judge Schofield:

Plaintiff Ana Maria Flores ("Plaintiff") and Defendants Masterpiece Caters Corp. d/b/a Café 55 and Gjieto Nicaj and Kevin A. Mattner, individually (collectively "Defendants") request that Your Honor approve the settlement reached in this matter.[1]  A copy of the revised settlement agreement is annexed as Exhibit A.

## Overview

Café 55 is located in Lower Manhattan.  Café 55 operates as a restaurant and also performs catering services throughout the New York metropolitan area. The Companies frequently work together on projects.  Individual Defendants Kevin Mattner and Gjieto Nicaj have a role in the operations of Café 55.

Plaintiff worked at Café 55 from February 2019 through May 2019.  Plaintiff was employed as a food preparer.

---

[1] On September 11, 2019, Plaintiff dismissed Defendant India House, Inc. without prejudice.

**History of Lawsuit**

On May 5, 2019, Plaintiff filed the lawsuit as a class action for unpaid wages under the Fair Labor Standards Act and the New York Labor Law. Defendants failed to timely file an answer and, as a result, Plaintiff filed a proposed clerk's certificate of default for all Defendants. Defendants, though, eventually responded and Plaintiff did not oppose Defendants' request for an extension.

The parties appeared before the Court for an initial case conference on August 29, 2019. Shortly thereafter, while the parties served paper discovery requests, the parties focused on trying to resolve this action.

Prior to filing this action, Plaintiff's counsel understood that the wage and hour violation at issue, a failure to pay 1.5 times employees' regular rate of pay for hours worked in excess of 40, were applicable to multiple weeks of Plaintiff's employment, and more generally to a class of Plaintiff's co-workers. We have subsequently learned that the violation was both limited to a brief period of time and seemingly applicable only to Plaintiff. We believe that Plaintiff's damages with respect to unpaid overtime and unpaid spread of hours to be less than $1,000.00.

Defendants take the position that Plaintiff was paid for all of her wages. In addition, Defendants maintain that all other employees were paid correctly under the law. The parties agreed to settle Plaintiff's claims for $9,000.

**The Parties Request Approval of Settlement**

Court approval of an FLSA settlement is appropriate "when [the settlement] [is] reached as a result of contested litigation to resolve bona fide disputes." *Johnson v.*

*Brennan,* No. 10-cv-471, 2011 WL 4357376, at *12 (S.D.N.Y. Sept. 16, 2011). "If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement." Id. (*citing Lynn's Food Stores, Inc. v. United States*, 679, F.2d 1350, 1353 n. 8 (11th Cir. 1982)).

Given Plaintiff's quite limited damages, the settlement represents a reasonable compromise with respect to contested issues. We jointly request the settlement agreement's approval. *See Reyes v. Altamarea Group, LLC*, 10-cv-6451 (RLE), 2011 WL 4599822 at *6 (S.D.N.Y. Aug. 16, 2011) (Ellis, M.J.).

**Plaintiff's Counsel Fees Should be Approved**

Consistent with the amount of the settlement agreement and the stage of the case when settlement was reached, Plaintiff's counsel did not perform an extensive amount of work. Plaintiff's counsel met with Plaintiff on multiple occasions and reviewed relevant documents. Plaintiff's counsel drafted the complaint, prepared for the initial case conference, drafted paper discovery requests, engaged in settlement discussions and performed work pertaining to the *Cheeks* settlement approval application.

As discussed earlier, the total settlement is $9,000. Plaintiff shall receive $5,866.70 and Plaintiff's counsel shall receive $3,133.30. Plaintiff's counsel's expenses included the filing fee ($400) and service on Defendants ($260). Plaintiff's counsel's retainer agreement called for Plaintiff's counsel to receive 1/3 of any recovery after expenses. Thus, Plaintiff's counsel is seeking in fees less than what is called for in the retainer agreement. As this Court recently approved a settlement fund of 35% for plaintiff's attorneys in a separate, we respectfully submit that an allocation of less than 1/3 should be

approved.  *See Vidal v. Eager Corp.*, 2018 U.S. Dist. LEXIS 42113, at * 4-5 (E.D.N.Y. March 13, 2018).

## Plaintiff's Attorneys' Experience

Mr. Aronauer is the managing partner of The Law Offices of Jacob Aronauer.  Mr. Aronauer has been practicing law in 2005 and started his own firm in 2013.  Since he started his own law firm, Mr. Aronauer's practice has primarily focused on wage and hour law.  Mr. Aronauer has handled close to 100 wage and hour matters.  In 2018 and 2019, Mr. Aronauer was voted a "Rising Star" in the New York area by Superlawyers.

Mr. Aronauer's hourly rate is $350 an hour.  Mr. Aronauer's requested hourly rate of $350 an hour was approved in *Thomas v. River Greene Constr. Grp. LLC*, 2018 U.S. Dist. LEXIS 209561, at * 11-12 (S.D.N.Y. Oct. 25, 2019).  This is a competitive rate in relation to what similarly situated attorneys charge.  Paralegals in this case charged $150 per hour.  This paralegal rate was likewise approved in *Thomas*.  Id.

Vincent Bauer is the principal attorney at The Law Offices of Vincent Bauer.  Mr. Bauer has over 20 years of experience specializing in employment law in New York.  Many of these years included working at Morgan Lewis, where Mr. Bauer primarily practiced employment law.  Mr. Bauer was named a Super Lawyer in 2011 and again from 2013-2019.  Mr. Bauer's hourly rate is $450 per hour.

The length of time that Plaintiff's counsel spent on this matter was significantly more than the attorney fees that Plaintiff's counsel will receive if the Court grants this settlement application. A copy of Plaintiff's attorneys' billing records is annexed as Exhibit B.

Respectfully submitted,

*/s/ Jacob Aronauer*
Jacob Aronauer

*/s/ Vincent Bauer*
Vincent Bauer

*Attorneys for Plaintiff*

cc: **Via ECF**
    *All attorneys on record*

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X

ANA MARIA FLORES (a.k.a.
ANA MARIA PANTOJA), on behalf
of herself and others similarly situated,

                                  **Plaintiff,**

        -against-

MASTERPIECE CATERERS CORP. d/b/a CAFÉ 55
and GIETO NICAJ and KEVIN A. MATTNER,
individually,

                                  **Defendants.**

-----------------------------------------------------------------------X

**Case No.:**

**19-cv-04059 (LGS)**

**SETTLEMENT AGREEMENT
AND RELEASE**

This Settlement Agreement and Release (the "Agreement") is made this __ day of February 2020, by and between Plaintiff ANA MARIA FLORES ("Plaintiff") and Defendants MASTERPIECE CATERERS CORP. and GJIETO NICAJ and KEVIN A. MATTNER, individually (collectively, "Defendants"). Plaintiff and Defendants may each be referred to as a "Party," or together, be referred to herein as the "Parties."

## RECITALS

**WHEREAS**, on or about May 6, 2019, the named Plaintiff filed a collective and class action Complaint in the United States District Court for the Southern District of New York, such case being styled *India House Inc. and Masterpiece Caterers Corp. and Kevin Mattner and Gjieto Nicaj, individually* (the "Lawsuit"), pursuant to both the collective action provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), and on behalf of a Federal Rule of Civil Procedure ("FRCP") 23 class of individuals under the New York Labor Law ("NYLL"); and

**WHEREAS**, Plaintiff previously withdrew her claims against India House, Inc. and India House, Inc. is no longer a party to this action; and

**WHEREAS,** Plaintiff has agreed to settle her claims; and

**WHEREAS**, no Court has considered or determined the claims presented; and

**WHEREAS**, Defendants deny Plaintiff's allegations in their entirety and neither admit nor concede any wrongdoing, liability or damages with respect to Plaintiff's allegations; and

**WHEREAS**, Plaintiff and Defendants desire to resolve and settle all of their respective claims against the other that were or could have been raised in the Lawsuit, without further litigation or adjudication; and

**WHEREAS**, Plaintiff's claims shall be dismissed in their entirety, with prejudice, pursuant to the annexed Stipulated Order of Dismissal with Prejudice to be executed by counsel for Plaintiff and Defendants;

**NOW THEREFORE**, in consideration of the foregoing and in consideration of the covenants, warranties and promises set forth below, receipt of which is hereby acknowledged, Plaintiff and Defendants agree as follows:

## AGREEMENT

1.    **Definition of the Parties**.

(a)    The term "Plaintiff" is defined to include Ana Maria Flores (a.k.a. "Ana Maria Pantoja"), and all presently or formerly affiliated persons, including, but not limited to, her present or former spouse(s), dependents, heirs, assigns, successors, creditors, debtors, lienholders, counsel, and any otherwise affiliated or related persons or entities.

(b)    The term "Defendants" is defined to include Masterpiece Caterers Corp. d/b/a Café 55 and Gjieto Nicaj and Kevin A. Mattner, individually, and all presently and formerly affiliated persons or entities, including, but not limited to, any present or former affiliated entities, attorneys, insurers, employee benefit plans, purchasers of assets or stocks, investors, insurers, shareholders, successors, assigns, counsel, administrators, creditors, debtors, board members, officers, partners, directors, agents, fiduciaries, representatives, employees (including, but not limited to, present or former co-workers or supervisors of Plaintiff), and any other related persons or entities.

(c)    The term "Parties" is defined to include the Plaintiff and the Defendants which have been defined above.

2.    **Consideration.**   The Parties are entering into this Agreement and Release in exchange for good and valuable consideration.  Plaintiff agrees that she will not seek any further consideration from Defendants, including any monetary payment, beyond that which is set forth in Paragraph 3 of this Settlement Agreement.  In addition, Plaintiff agrees that the amount being paid to her represents consideration for all alleged unpaid regular and overtime wages and other alleged damages (including civil monetary penalties) from the commencement of her employment

with Defendants to the present, including with respect to interest, liquidated damages, and attorneys' fees.

3.    **Settlement Compensation.**  As full settlement and final satisfaction of the claims raised in the Lawsuit, and in consideration for the agreements and obligations set forth in this Agreement, including but not limited to, the release by Plaintiff set forth in Paragraph 9, Defendants shall pay Plaintiff the total sum of $9,000.00 ("Settlement Amount"), payable as follows:

(a)    Within 15 days of the Court's approval of the Parties' Agreement and dismissal of the Lawsuit with prejudice, Defendants shall pay to Plaintiff the sum of $9,000.00, made payable to Plaintiff and Plaintiff's lawyers via two checks in the following manner: one check to Plaintiff in the amount of $5,866.70 to be paid by 1099 and one check to The Law Offices of Jacob Aronauer in the amount of $3,133.30 to be paid by 1099.

(b)    The checks set forth in sub-paragraphs (a) of this Paragraph 3 represent payment for any and all unpaid wages, including minimum wages, overtime pay, spread of hours pay, gratuities, and liquidated damages under the Fair Labor Standards Act and New York Labor Law.  Defendants shall issue an IRS form 1099 with respect to these payments to Plaintiff and Plaintiff's attorneys.

(c)    Without limiting the terms of this Agreement, the Parties hereto agree and acknowledge that the Settlement Payments are in full and final disposition and complete satisfaction of any and all claims against Defendants by Plaintiff, including, but not limited to, claims for attorneys' fees, disbursements and costs.  Plaintiff expressly directs Defendants to make the Settlement Payments, as detailed above, to her legal counsel, acknowledges that receipt of the Settlement Payments by her legal counsel constitutes receipt thereof by Plaintiff and agrees that the Settlement Payments constitute an accord and satisfaction; and

(d)    Plaintiff further agrees that, upon receipt of the payments stated above, Plaintiff will not file a subsequent lawsuit or claim against Defendants pertaining to all claims for minimum wages, overtime pay, spread of hours pay, and gratuities.  Plaintiff will be materially breaching this Agreement if she files a subsequent lawsuit or any other claim against Defendants stating that she has not been paid the minimum wages, overtime pay, spread of hours pay and/or gratuities for any work she performed for Defendants during the period encompassing her entire employment with Defendants.

4.    **Penalty for Non-Payment.**  Defendants agree that the payment set forth in Paragraph 3 is due in a timely manner. If Defendants do not make a payment to Plaintiff in a timely manner, then Plaintiff's attorney will send a Notice to Cure to Defendants' counsel via

email at ptilem@tilemlawfirm.com. If Defendants do not make the payment to Plaintiff within seven calendar days thereafter, Defendants will be considered in default of this Agreement. In the event that either Plaintiff or Defendants are in default of this Agreement, the prevailing party will be entitled to reasonable attorney fees with respect to the enforcement of this Agreement.

5.    **Delivery.** All checks set forth in Paragraph 3 shall be sent to Plaintiff's counsel, Jacob Aronauer, Esq., at the following address:

> THE LAW OFFICES OF JACOB ARONAUER
> 225 Broadway, 3rd Floor
> New York, New York 10007

6.    **Full Payment.** Plaintiff agrees and affirms that the payments described in Paragraph 3 above shall constitute the entire amount of monetary consideration provided to Plaintiff and Plaintiff's legal counsel in connection with the resolution of the Lawsuit. This amount shall include compensation for alleged damages to Plaintiff and for any and all harm which she may have suffered because of any acts or omissions of Defendants as alleged in the Lawsuit, including any claims for unpaid minimum wages, overtime pay, spread of hours pay and gratuities under state, federal or common law. Plaintiff agrees that these payments are inclusive of any claim for attorneys' fees, costs, interest and/or other expenses.

7.    **Taxes and Withholding.** If, for any reason, it is determined by any federal, state or local taxing authority that any portion of the payments set forth in Paragraph 3 should have been subject to further taxation or withholding, Plaintiff agrees that she shall assume all responsibility for the payment of any employee taxes, interest and penalties assessed in connection with the portion paid to her individually or on her behalf, and shall protect, indemnify and hold harmless Defendants from any tax payment, interest, attorney's fees and penalties attributable to Plaintiff.

8.    **Release of Claims.** In consideration of the payment to Plaintiff by Defendants of the total gross sum of $9,000, Plaintiff, for herself, her heirs, executors, administrators, successors and assigns and anyone who has or obtains any legal rights or claims through her, forever waive any wage and hour claims under the Fair Labor Standards Act and New York Labor Law against Defendants, their parent(s), subsidiaries, affiliates, divisions, joint ventures and related entities and persons, their successors and assigns, and their past and present directors, officers, agents, attorneys, insurers or insurance carriers, owners, employees, and any fiduciaries of any employee benefit plan or policy of and from any and all claims that were brought under the Fair Labor Standards Act and New York Labor Law and supporting New York regulations ("Released Claims").

Defendants likewise knowingly and voluntarily waive, release and discharge, jointly and severally, Plaintiff of and all claims they may have against Plaintiff.

4

9.    **Submission to Court for Approval**
      **and Purposes of Dismissing the Action With Prejudice**

      a.    Plaintiff agrees to the dismissal of the Lawsuit with prejudice, subject only to Defendants' satisfaction of all their obligations under this Agreement.

      b.    The Parties intend for Plaintiff to waive the Released Claims, and therefore desire that this Agreement be approved by the Court in which the Lawsuit is pending. Accordingly, the Parties agree that Plaintiff shall move for the Court's approval after full execution of this Agreement.

      c.    Upon execution of this Agreement, counsel for the Parties agree to promptly execute the Stipulation and Order of Dismissal with Prejudice, in the form annexed hereto as Exhibit A, which will be filed with the Court by Plaintiff's counsel along with a motion seeking approval of the Agreement.

      d.    Court approval and dismissal of this action is a material condition of this Agreement and the Parties' obligations hereunder. Failure of the Court to approve this Agreement and enter the Parties' Stipulation and Order of Dismissal with Prejudice renders this Agreement null and void and no payments shall be made pursuant to Paragraph 3 of the Agreement, and the release in Paragraph 9 shall be ineffective and unenforceable. Further, should the Court not approve the settlement, the Parties agree that they will have forfeited no rights and will revert to the stance of litigation as it existed on the date this Agreement was submitted to the Court for approval.

10.    **Other Claims.**    Plaintiff represents that, other than the Lawsuit, she does not currently have pending before any court (United States or foreign) or before any federal, state, or local governmental agency (United States or foreign) any dispute of any kind against Defendants, either individually or jointly.

11.    **Remedy for Breach.**    The Parties agree that the Court shall retain jurisdiction in the event of any alleged breach of this Agreement.

12.    **Construction.**    The terms and conditions of this Agreement have been negotiated by mutual agreement of the Parties. Therefore, the terms and conditions of this Agreement are not intended to be, and shall not be, construed against any drafting Party.

13.    **Governing Law and Interpretation.**    This Agreement, and all of its terms, shall be interpreted, enforced and governed under the laws of the State of New York, without regard to its conflict of laws principles.

14.    **Assignment of Claims.**  Plaintiff represents and warrants that she has not assigned or transferred, or purported to assign or transfer, to anyone any claim, action or cause of action based upon, arising out of, or connected in any way with any of the matters released in this Agreement.

15.    **Exclusive Jurisdiction.**  Any claim, dispute or disagreement arising under or in any way relating to this Agreement shall be submitted to the Federal District Court for the Southern District of New York, which shall have exclusive jurisdiction over such claim, dispute or disagreement, and the Parties consent to the personal jurisdiction of said Court.

16.    **No Admission of Liability.**  Neither this Agreement nor anything contained herein constitutes or is intended to constitute any finding of fact, admission of liability or assessment of liability by any Defendant under any law, ordinance, rule, regulation, policy or order with respect to any claim that Plaintiff has asserted, could have asserted or may assert in connection with Plaintiff's employment.  Defendants have consistently denied, and continue to deny, each and every allegation of wrongdoing made by Plaintiff, and have agreed to enter into this Agreement for the sole purpose of avoiding the cost and inconvenience of further litigation.

17.    **Bona Fide Dispute.**  This Agreement is in settlement of disputed claims. The Parties agree that there is a *bona fide* dispute as to whether Plaintiff could prevail on the merits of her claims and that the Settlement Amount being paid to Plaintiff, as indicated in Paragraph 3, is a fair and reasonable resolution to this *bona fide* dispute.

18.    **Advice of counsel.**  All Parties acknowledge that they have had an opportunity to receive advice about the terms and legal effects of this Agreement from counsel of their choosing.

19.    **Voluntary Agreement.**  Plaintiff represents and agrees that:

(a)    She is not suffering from any impairment that would render her incapable of reading, considering and understanding the terms of this Agreement, and is fully able to read, consider and understand the terms of this Agreement, all of which have been explained to her by her attorney;

(b)    She acknowledges that she has received a copy of this Agreement in her regularly spoken language and/or that Plaintiff's counsel has translated the Agreement to her;

(c)    She signed this Agreement freely and voluntarily and without duress;

(d)    No promise or representation of any kind or character, other than those contained in this Agreement, has been made by Defendants or anyone acting on their behalf to induce Plaintiff to enter into this Agreement; and

(e)    She has had a reasonable period of time in which to consider the terms of this Agreement before executing it.

20.    **Full and Complete Agreement.**    This Agreement constitutes the full and complete agreement between the Parties, and fully supersedes any and all prior agreements, commitments or understandings between the Parties, pertaining to the subject matter covered by this Agreement.

21.    **Amendment.**    This Agreement may not be modified, altered, or changed except upon the express, written consent of all Parties, or their designees, which includes specific reference to this Agreement.

22.    **Severability.**    The Parties agree that in the event any provision(s) of this Agreement is judicially declared to be invalid or unenforceable, only such provision or provisions shall be invalid or unenforceable without invalidating or rendering unenforceable the remaining provisions hereof.

23.    **Section Headings.**    The section headings in this Agreement are solely for the convenience of the Parties and shall not in any way modify any of the terms, or the interpretation thereof, of this Agreement.

24.    **Waiver.**    No provision in this Agreement may be waived unless in writing and signed by the Party or Parties whose rights are thereby waived.  Waiver of any one provision, or portion thereof, shall not be deemed a waiver of any other provision herein.  The waiver of any breach of any provision of this Agreement by any Party shall not be deemed a waiver of any subsequent or prior breach.

25.    **Fair Meaning.**    The language of all parts of this Agreement shall in all cases be construed as a whole according to its fair meaning, and not strictly for or against any of the Parties, regardless of who drafted it.

26.    **Confidentiality of Agreement.**    Plaintiff agrees not to voluntarily disclose the terms of this Agreement.  This means that Plaintiff will not initiate conversation with any individual(s) (except, if applicable, the Parties' spouse, accountant, or attorneys) or any entity the terms and circumstances relating to this Agreement.  Plaintiff, though, is not prohibited from discussing this Agreement if an individual(s) initiates discussion about this Agreement. Plaintiff and Plaintiff's counsel agree not to disclose or discuss this Agreement on any form of social media.

27.    **Non-Disparagement.** The Parties also agree that they will not disparage each other. For purposes of this Agreement, this non-disparagement provision means that Plaintiff will not disparage Defendants or their spouses or immediate family members or their owners or employees and Defendants will not disparage Plaintiff or her spouse or immediate family members.

28.    **Counterparts.** This Agreement may be executed in counterparts, each of which shall serve as an original as against any Party who signed it, and all of which taken together shall constitute one and the same document.  A copy of a Party's signature on this Agreement shall be acceptable in any action against that Party to enforce this Agreement.

29.    **Facsimile/Email.** An executed facsimile or e-mail copy of this Agreement shall have the same force and effect as the original.

30.    **Notices.** With the exception of the communication outlined in paragraph 4 of this Agreement, any other notice or communication that the Parties desire to give or are required to give to the other(s) shall be in writing and either sent by prepaid, registered or certified mail, return receipt requested, or by any so-called "overnight" or "one-day" mailing service addressed to such other(s) at the address(es) set forth below.  Notice shall be deemed communicated within three (3) business days from the date of mailing or on the date of actual receipt, whichever date is earlier, if delivered as provided in this paragraph. The addresses for notice are as follows, unless otherwise specified:

| PARTY | ADDRESS | |
|-------|---------|---|
| Plaintiff | Jacob Aronauer, Esq.<br>THE LAW OFFICES OF JACOB ARONAUER<br>225 Broadway, 3rd Floor<br>New York, New York 10007<br>Tel. No. (212) 323-6980<br>jaronauer@aronauerlaw.com | |
| Defendants | Peter Tilem, Esq.<br>TILEM & ASSOCIATES, PC.<br>188 East Post Road, 3rd Floor<br>White Plains, NY 10601<br>Tel. No. (914) 833-9785<br>ptilem@tilemlawfirm.com | |

31.    **Authority to Execute Agreement.** The undersigned individuals hereby warrant and represent that they have the full authority to make the representations and warranties contained

in this Agreement, and to execute and perform this Agreement, on behalf of the individuals and entities for which or whom they have signed, and that they are acting within the scope of their authority.

**THE PARTIES ARE SIGNING THIS SETTLEMENT AGREEMENT AND RELEASE VOLUNTARILY AND KNOWINGLY.**

**PLAINTIFF ACKNOWLEDGES THAT THIS SETTLEMENT AGREEMENT AND RELEASE WAS TRANSLATED INTO A LANGUAGE UNDERSTOOD BY PLAINTIFF, AND THAT SHE CONSULTED WITH HER LEGAL COUNSEL BEFORE SIGNING THIS SETTLEMENT AGREEMENT AND RELEASE.**

**THIS IS A LEGAL DOCUMENT – READ CAREFULLY BEFORE SIGNING.**

The Parties knowingly, voluntarily and with the approval of their counsel executed this Agreement as of the date set forth below:

**AGREED:**

**ANA MARIA FLORES**                          **MASTERPIECE CATERERS CORP.**


By: _____          By: _____
       ANA MARIA FLORES                                 KEVIN A. MATTNER

Dated: _____          Dated: _____

**GIJETO NICAJ**                              **KEVIN A. MATTNER**


By: _____          By: _____
       GIJETO NICAJ                                     KEVIN A. MATTNER

Dated: _____          Dated: _____

## SCHEDULE "A"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

ANA MARIA FLORES (a.k.a. "ANA MARIA
PANTOJA"), on behalf of herself and others similarly
situated,

               Plaintiff,

      -against-

MASTERPIECE CATERERS CORP. d/b/a CAFÉ 55
and GJIETO NICAJ and KEVIN A. MATTNER,
individually,

               Defendants.
------------------------------------------------------------------------X

**Docket No.:**
**19-cv-04059 (LGS)**

**STIPULATED ORDER OF**
**DISMISSAL WITH**
**PREJUDICE**

     **IT IS HEREBY STIPULATED AND AGREED,** by and between the undersigned, the

attorneys of record for all the parties to the above-entitled action, **AND SO-ORDERED BY THE**

**COURT**, that whereas no party hereto is an infant or incompetent person for whom a committee

has been appointed and no person not a party has an interest in the subject matter of the action, the

above-entitled action be, and the same hereby is dismissed with prejudice pursuant to Federal Rule

of Civil Procedure 41(a)(2), without costs to any party or against any other. This Stipulation may

be filed without further notice with the Clerk of the Court. The Court shall retain jurisdiction over

this action with respect to enforcement of the parties' settlement agreement.

This Stipulation shall not be in effect until executed by all parties set forth herein.

THE LAW OFFICES OF JACOB ARONAUER          TILEM & ASSOCIATES, P.C.
*Attorneys for Plaintiff*                                    *Attorneys for Defendants*
225 Broadway, 3rd Floor                                   188 East Post Road, 3rd Floor
New York, New York 10007                              White Plains, New York 10601

By: _____                      By: _____
         Jacob Aronauer, Esq.                                         Peter H. Tilem, Esq.

Dated: _____, 2020                   Dated: _____, 2020

**SO ORDERED:**

Dated: _____, 2020          _____
         New York , New York                              Hon. Lorna G. Schofield, U.S.D.J.

# EXHIBIT B

VINCENT BAUER TIME RECORDS

July 30, 2019:  .5 reviewing complaint

July 31, 2019:  .3 reviewing spreadsheet

August 2, 2019:  .6 Review letter, discovery plan, revised spreadsheet

August 28, 2019:  .3 Review revised spreadsheet

September 13, 2019:  .5:  teleconference regarding settlement, certification motions

September 18, 2019:  .3  Attention to declaration

October 24, 2019:  .3 teleconference with J. Aronauer regarding claims

November 15, 2019:  .2  teleconference with Peter Tilem

# Law Offices of Jacob Aronauer

# INVOICE

225 Broadway, 3rd Floor
New York, New York 10007
Phone: (212) 323-6980

Invoice # 133
Date: 02/06/2020
Due On: 03/07/2020

Ana Maria Flores
1036 Rev James A Polite Ave.
The Bronx, NY 10459

## 00244-Pantoja

## Ana Maria Flores v. Cafe 55

| Type | Date | Notes | Quantity | Rate | Total |
|------|------|-------|----------|------|-------|
| Service | 04/25/2019 | Paralegal Fees - Katheryn: Meeting with Client. Drafted and Scanned Retainer Agreement. | 1.97 | $150.00 | $295.50 |
| Service | 04/25/2019 | Attorney Fees: Meeting with client | 1.30 | $400.00 | $520.00 |
| Service | 04/30/2019 | Paralegal Fees - Katheryn: Research on Defendants | 2.40 | $150.00 | $360.00 |
| Service | 04/30/2019 | Paralegal Fees - Katheryn: Drafted complaint | 4.10 | $150.00 | $615.00 |
| Service | 04/30/2019 | Paralegal Fees - Katheryn: Reviewed complaint with Sian | 1.25 | $150.00 | $187.50 |
| Service | 04/30/2019 | Paralegal Fees - Sian: reviewed complaint draft; discussed complaint draft with Kate; revised/edited complaint draft | 2.35 | $150.00 | $352.50 |
| Service | 05/01/2019 | Paralegal Fees - Katheryn: Meeting with Client | 0.60 | $150.00 | $90.00 |
| Service | 05/01/2019 | Attorney Fees: Meeting with client. | 0.60 | $400.00 | $240.00 |
| Service | 05/06/2019 | Paralegal Fees - Katheryn: Phone Call, Meeting with client and downloaded recorded videos about conversations with direct boss. | 1.90 | $150.00 | $285.00 |
| Service | 05/06/2019 | Attorney Fees: Filing complaint | 0.20 | $400.00 | $80.00 |
| Expense | 05/06/2019 | Reimbursable expenses: Filing fee | 1.00 | $400.00 | $400.00 |
| Expense | 05/06/2019 | Reimbursable expenses: Service on Defendants | 1.00 | $260.00 | $260.00 |
| Service | 05/07/2019 | Paralegal Fees - Alan: Prepare Civil Cover | 0.50 | $150.00 | $75.00 |
| Service | 05/28/2019 | Paralegal Fees - Katheryn: Serve Defendants. Drafted summons, cover letter to albany. Sent complaint, summons, cover letter, notice of pre-trial conference and court's rules. | 1.50 | $150.00 | $225.00 |
| Service | 06/10/2019 | Paralegal Fees - Katheryn: Phone call with client, who | 0.16 | $150.00 | $24.00 |

|  |  | wanted an update in the case. |  |  |  |
|---|---|---|---|---|---|
| Service | 06/13/2019 | Paralegal Fees - Katheryn: Scanned Affidavit of Service and saved it on the H Drive. | 0.20 | $150.00 | $30.00 |
| Service | 07/01/2019 | Paralegal Fees - Sian: drafted certificates and declarations for default for individual defendants | 0.29 | $150.00 | $43.50 |
| Service | 07/02/2019 | Paralegal Fees - Sian: drafted certificate of default and declaration in support of default for corporate defendant; drafted requests for certificates of default for all defendants | 0.30 | $150.00 | $45.00 |
| Service | 07/09/2019 | Attorney Fees: Call with opp. counsel. | 0.20 | $400.00 | $80.00 |
| Service | 07/31/2019 | Paralegal Fees - Sian: drafted damages spreadsheet for Flores and the class | 0.92 | $150.00 | $138.00 |
| Service | 08/01/2019 | Paralegal Fees - Katheryn: Drafted summons fon India House Inc. and print out complaint . | 0.64 | $150.00 | $96.00 |
| Service | 08/02/2019 | Paralegal Fees - Katheryn: Hand Delivered a summon and complaint at India House Inc. | 1.00 | $150.00 | $150.00 |
| Service | 08/06/2019 | Paralegal Fees - Katheryn: Drafted withdraw letter in both english and spanish, printed it out with Retainer Agreement and mailed out to Client Ana Maria Flores. | 1.00 | $150.00 | $150.00 |
| Service | 08/20/2019 | Paralegal Fees - Sian: revised damages spreadsheet | 0.25 | $150.00 | $37.50 |
| Service | 08/20/2019 | Attorney Fees: Work on proposed discovery plan. | 0.20 | $400.00 | $80.00 |
| Service | 08/21/2019 | Paralegal Fees - Angelica W.: Case Summary of a NY Supreme Case against Masterpiece | 3.43 | $150.00 | $514.50 |
| Service | 08/22/2019 | Paralegal Fees - Katheryn: EDITED CIVIL CASE MANAGEMENT PLAN AND SCHEDULING ORDER | 0.35 | $150.00 | $52.50 |
| Service | 08/29/2019 | Attorney Fees: Prepare for initial case conference, travel to and from courthouse and actual initial case conference. | 1.40 | $400.00 | $560.00 |
| Service | 09/13/2019 | Paralegal Fees - Katheryn: Drafted Flores' Declaration in support of Conditional Certification | 2.46 | $150.00 | $369.00 |
| Service | 09/17/2019 | Paralegal Fees - Katheryn: Meeting with Ms. Flores to go over Declaration on support of conditional certification. Edited Declaration. Discussed with Jacob. | 1.80 | $150.00 | $270.00 |
| Service | 09/18/2019 | Paralegal Fees - Angelica W.: Drafting May I letter for conditional certification | 0.67 | $150.00 | $100.50 |
| Service | 09/18/2019 | Paralegal Fees - Angelica W.: Drafting Memo of Law for conditional certification | 3.03 | $150.00 | $454.50 |
| Service | 09/18/2019 | Paralegal Fees - Angelica W.: Drafting Jacob's declaration for conditional certification, notice, join form. | 1.34 | $150.00 | $201.00 |

Invoice # 133 - 02/06/2020

| | | | | | |
|---|---|---|---|---|---|
| Service | 09/18/2019 | Paralegal Fees - Angelica W.: Drafting Notice of Motion - Conditional Certification | 0.27 | $150.00 | $40.50 |
| Service | 09/20/2019 | Paralegal Fees - Christian: -Line Edited Memo of Law for Flores and J.A Declaration -First Draft Paper Discovery Request | 4.16 | $150.00 | $624.00 |
| Service | 09/24/2019 | Paralegal Fees - Sian: researched class action cases in the 2nd circuit | 0.70 | $150.00 | $105.00 |
| Service | 09/25/2019 | Paralegal Fees - Sian: line edited materials in support of conditional certification | 1.70 | $150.00 | $255.00 |
| Service | 09/25/2019 | Paralegal Fees - Sian: drafted initial disclosures | 0.40 | $150.00 | $60.00 |
| Service | 09/25/2019 | Attorney Fees: Review initial disclosures. | 0.10 | $400.00 | $40.00 |
| Service | 10/02/2019 | Attorney Fees: Work on conditional certification. | 1.30 | $400.00 | $520.00 |
| Service | 10/03/2019 | Paralegal Fees - Karin: Meeting with client | 1.00 | $150.00 | $150.00 |
| Service | 10/03/2019 | Paralegal Fees - Katheryn: Meeting with client to discuss Conditional Certification. | 1.00 | $150.00 | $150.00 |
| Service | 10/03/2019 | Paralegal Fees - Katheryn: Meeting with client to review Conditional Certification. | 0.70 | $150.00 | $105.00 |
| Service | 10/07/2019 | Paralegal Fees - Katheryn: Edited Flores' Declaration, scanned it and saved on the H Drive. | 0.80 | $150.00 | $120.00 |
| Service | 10/24/2019 | Paralegal Fees - Katheryn: Listened to some of the recorded conversations. | 3.00 | $150.00 | $450.00 |
| Service | 11/04/2019 | Paralegal Fees - Katheryn: I called her and left a voicemail letting client an update on case. | 0.05 | $150.00 | $7.50 |
| Service | 12/06/2019 | Paralegal Fees - Katheryn: Called client to gave him monthly update: Will get the proposed settlement agreement to other side soon. | 0.07 | $150.00 | $10.50 |
| Service | 12/09/2019 | Attorney Fees: Work on proposed settlement agreement and Cheeks application letter. | 1.30 | $400.00 | $520.00 |
| Service | 02/06/2020 | Attorney Fees: Review complaint | 0.40 | $400.00 | $160.00 |

**Total      $10,699.00**

# Detailed Statement of Account

## Current Invoice

| Invoice Number | Due On | Amount Due | Payments Received | Balance Due |
|---|---|---|---|---|

Invoice # 133 - 02/06/2020

| 133 | 03/07/2020 | $10,699.00 | $0.00 | $10,699.00 |
|-----|------------|------------|-------|------------|

| | | |
|---|---|---|
| **Outstanding Balance** | | **$10,699.00** |
| **Total Amount Outstanding** | | **$10,699.00** |

Please make all amounts payable to: Law Offices of Jacob Aronauer

Please pay within 30 days.