```
UNITED STATES DISTRICT COURT                        USDC SDNY
SOUTHERN DISTRICT OF NEW YORK                       DOCUMENT
-------------------------------------------------X  ELECTRONICALLY FILED
                                                 :  DOC #:_____
ANA MARIA FLORES,                                :  DATE FILED: 2/7/2020
                                    Plaintiff,  :
                                                 :
                                                 :  19 Civ. 4059 (LGS)
                -against-                        :
                                                 :          ORDER
MASTERPIECE CATERERS, CORP., et al.,              :
                                   Defendants.  :
                                                 :
-------------------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS, on January 20, 2020, the parties filed their joint letter and settlement agreement. ECF 54. The settlement agreement was not approved because the parties did not submit billing records and the proposed settlement contained unreasonable broad release terms. ECF 55;

WHEREAS, on February 6, 2020, the parties filed a supplemented joint letter that includes billing records and also filed an amended settlement agreement. ECF 58. It is hereby

**ORDERED** that the settlement agreement is **APPROVED** as fair and reasonable based on the nature and scope of Plaintiffs' claims and the risks and expenses involved in additional litigation. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206–07 (2d Cir. 2015); *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335–36 (S.D.N.Y. 2012) (outlining the factors that district courts have used to determine whether a proposed settlement is fair and reasonable). It is further

**ORDERED** that Plaintiffs' counsel's request for $3,133.30 exclusive of costs, is **GRANTED**. This amount is less than the lodestar calculation and approximately one-third of the settlement. The Court finds this amount to be fair and reasonable in light of the quality of counsel, risks of litigation and the litigation's magnitude and complexity. *See Perez v AC*

*Roosevelt Food Corp.*, 744 F.3d 39, 44 (2d Cir. 2013) (acknowledging precedent that "the lodestar—the product of a reasonable hourly rate and the reasonable number of hours required by the case—creates a presumptively reasonable fee."); *Millea v. Metro-N. R. Co.*, 658 F.3d 154, 166–67 (2d Cir. 2011). The remainder of the settlement shall be distributed to Plaintiffs.

The Clerk of Court is respectfully directed to close this case.

Dated: February 7, 2020
New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**